UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **KEITH EDWARD GLENN,** ) | |
| ) | |
| **Movant,** ) | |
| ) | No. 3:08-0494 |
| v. ) | (Crim. No. 3:05cr00074) |
| ) | Judge Trauger |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

## MEMORANDUM

### I. INTRODUCTION AND BACKGROUND

The movant, a prisoner in the United States Penitentiary in Terre Haute, Indiana, brings this *pro se* action seeking to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The movant names the United States of America (the government) as the respondent.

The Grand Jury returned a fifteen-count indictment against the movant. (Crim. Docket Entry No. 8)[1] The indictment included seven counts of armed bank robbery in violation of 28 U.S.C. § 2113(a) and (d), four counts of knowingly possessing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A), and four counts of knowingly using and carrying a firearm during and in relation to crime of violence under 18 U.S.C. § 924(c)(1)(A).

On August 22, 2005, the movant filed a petition to plead guilty to four counts of armed bank robbery, and four counts knowingly using and carrying a firearm during and in relation to a crime of violence. (Crim. Docket Entry No. 40, 50) A sentencing hearing was held on January 5, 2006, and the movant was sentenced to eighty-three (83) years in prison. (Crim. Docket Entry No. 47)

---

[1] References to the movant's criminal case use the following convention: (Crim. Docket Entry No. X), where "X" is the docket entry to which reference is being made. References to the instant action omit the prefix "Crim."

The movant appealed. (Crim. Docket Entry No. 44)

The movant raised two issues on direct appeal: first, that the district court erred in believing that it was bound by the holding in *Deal v. United States*, 508 U.S. 129 (1993); and second, that the "rule of lenity" should have been applied in determining whether his second through fourth convictions for use of a firearm were second or subsequent convictions. (Crim. Docket Entry No. 51) The Sixth Circuit affirmed the district court's judgment on January 29, 2007, and mandate issued on March 26, 2007. (Crim. Docket Entry No. 51-52) The movant's petition for a writ of *certiorari* in the United States Supreme Court was denied on May 29, 2007. (Crim. Docket Entry No. 53-54)

The movant filed this action on May 7, 2008. Rule 3(d), Rules – Section 2255 Proceedings. He raises the following six grounds for relief in his motion: 1) his convictions violated the double jeopardy clause of the Fifth Amendment; 2) ineffective assistance of counsel; 3) his 83-year sentence violates the Eighth Amendment; 4) the "rule of lenity" should have been applied in determining how to apply multiple counts under § 924(c)(1)(A); 5) the district court lacked jurisdiction because the laws under which he was convicted are invalid; and 6) the government engaged in prosecutorial misconduct/selective prosecution. (Docket Entry No. 1, pp. 5-5D, ¶¶ A-F)

## II. ANALYSIS

To prevail on a § 2255 motion, the record must reflect an error of constitutional magnitude that had a substantial injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993). Pleadings filed by parties proceeding *pro se* are to be construed liberally by the courts. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

Rule 4(b), Rules – Section 2255 Proceedings provides that the court shall consider the

2

"motion, any attached exhibits, and the record of prior proceedings" in ruling on a motion filed under § 2255. *See also* 28 U.S.C. § 2255. Moreover, "when the trial judge also hears the collateral proceedings . . . that judge may rely on h[er] recollections . . . in ruling on the collateral attack." *Smith v. United* States, 348 F.3d 545, 551 (6th Cir. 2003)(citing *Blanton v. United States,* 94 F.3d 227, 235 (6th Cir. 1996)(citing *Blackledge v. Allison,* 431 U.S. 63, 74 n. 4 (1977)).

An evidentiary hearing is not required if the record conclusively shows that the movant is not entitled to relief. *See* 28 U.S.C. § 2255; Rule 8(a), Rules – Section 2255 Proceedings; *Blanton*, 94 F.3d at 235. More particularly, no hearing is required "if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)(quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)).

### A. Movant's "Rule of Lenity" Claim

The movant asserts that the "rule of lenity" should have been applied in determining how to apply the multiple counts under § 924(c)(1)(A) in his case.[2] (Docket Entry No. 1, p. 5C, ¶ D) The movant raised this claim on direct appeal, and the Sixth Circuit ruled against him. (Crim. Docket Entry No. 51, pp. 2-3)

The movant may not use a motion under § 2255 to re-litigate an issue raised, considered, and decided on direct appeal absent "exceptional" or "extraordinary" circumstances.[3] *See Wright v.*

---

[2] The movant argues that the statutory provisions for "pyramiding" multiple offenses under § 924(c)(1) are ambiguous. "The rule of lenity is a longstanding principle of statutory construction directing that 'when choice has to be made between two readings of what conduct Congress has made a crime, it is appropriate, before we choose the harsher alternative, to require that Congress should have spoken in language that is clear and definite.'" *United States v. Mabry*, 518 F.3d 442, 452 (6th Cir. 2008)(quoting *Jones v. United States*, 529 U.S. 848, 858 (2000)).

[3] Although the Sixth Circuit has not defined "exceptional" or "extraordinary" circumstances, it has equated such circumstances to an intervening change in the law. *See Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999).

3

*United States*, 182, 467 (6th Cir. 1999); *Dupont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996); *Stephan v. United States*, 496 F.2d 527, 528-29 (6th Cir. 1974)(*per curiam*), *cert denied*, 423 U.S. 861 (1975). The movant does not identify any "exceptional" or "extraordinary" circumstances in his case, nor can any be liberally construed from the motion. Accordingly, the court may not consider this claim.

### Certificate of Appealability

Where, as here, the district court denies *habeas* relief on procedural grounds without reaching the merits of the movant's underlying constitutional claim, a certificate of appealability (COA) will issue only under the following conditions: 1) "that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right"; and 2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court finds that jurists of reason would not debate whether the court was correct in its procedural ruling with respect to the movant's "rule of lenity" claim. Accordingly, a COA will not issue as to this claim.

### B. Movant's Double Jeopardy, Eighth Amendment, Jurisdiction, and Prosecutorial Misconduct/Selective Prosecution Claims

The movant asserts that his convictions violated the double jeopardy clause of the Fifth Amendment, that his 83-year sentence violates the Eighth Amendment, that the district court lacked jurisdiction because the laws under which he was convicted were invalid, and that the government engaged in prosecutorial misconduct/selective prosecution. (Docket Entry No. 1, pp. 5-5D, ¶¶ A, C, E-F) As previously noted, the movant appealed his convictions, raising the two claims noted *supra* at p. 2. The movant did not, however, raise on direct appeal any of the four grounds for relief identified above.

4

Except for a claim of ineffective assistance of counsel, a federal prisoner's failure to raise a claim on direct appeal results in a procedural default of that claim. *Bousley v. United States*, 523 U.S. 614, 621 (1998); *Peveler v. United State*, 269 F.3d 693, 698 (6th Cir. 2001); *Phillip v. United States*, 229 F.3d 550, 552 (6th cir. 2000). Because the movant did not raise the above-listed claims on direct appeal when he could have – and should have – those claims are procedurally defaulted.

For a federal prisoner to obtain a review of defaulted claims in a § 2255 motion, the movant must show cause to excuse his failure to raise the claim previously and actual prejudice resulting from the alleged violation. *Bousley*, 523 U.S. at 622; *Peveler*, 269 F.3d at 698-700; *Phillip,* 229 F.3d at 552; *Hampton v. United States*, 191 F.3d 695, 698-99 (6th Cir. 1999). If the movant is unable to show cause and prejudice, he may still be able to obtain review of his claims if his case fits within a narrow class of cases permitting review in order to prevent a fundamental miscarriage of justice, *i.e.*, that the alleged constitutional violation has probably resulted in a conviction of one who is actually innocent. *Bousley*, 523 U.S. at 622-23 (citing *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986)); *accord Peveler*, 269 F.3d at 698; *Hampton*, 191 F.3d at 698-99.

The movant has made no effort to establish cause and prejudice to excuse his failure to raise the above-listed claims on direct appeal. Neither, does the movant assert that a fundamental miscarriage of justice will occur if the court does not address them in this proceeding. Consequently, the above-listed claims are procedurally defaulted for purposes of review under § 2255.

**Certificate of Appealability**

The court has analyzed each of these four claims and finds that jurists of reason would not debate whether the court was correct in its procedural ruling. Accordingly, for the reasons

5

previously explained, *supra* at p. 4, a COA will not issue as to any of these four claims.

## C. Movant's Ineffective Assistance Claims

The movant sets forth a two-part ineffective assistance claim. First, the movant asserts that defense counsel Phyllis Turner (attorney Turner) did not assist co-counsel Ana Escobar (attorney Escobar) in planning his defense. (Docket Entry No. 1, p. 5B) Second, the movant alleges that defense counsel were both ineffective because they did not investigate his mental state at the time he made incriminating statements to law enforcement officials, and that they did not file a motion to suppress those statements (failure-to-investigate/failure-to-suppress claim).[4] (Docket Entry No. 1, p. 5B)

A claim of constitutionally ineffective assistance of counsel comprises two elements: 1) the attorney's performance was deficient, falling below an objective standard of reasonableness; and 2) the attorney's deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In determining whether an attorney performed in an objectively unreasonable manner, courts employ "highly deferential" scrutiny. *Id.* at 689. To satisfy the prejudice requirement, an ineffective assistance claimant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. To establish prejudice in a guilty plea context, the movant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58-9 (1985); *Miller v. Straub*, 299

---

[4] The movant's failure-to-investigate claim is a factual predicate to his failure-to-suppress claim. Therefore, the two claims will be considered together in the court's analysis.

6

F.3d 570, 578 (6th Cir. 2002).

### 1. Attorney Turner's Alleged Failure to Assist in Defense Planning

The movant provides no factual allegations in support of this part of his claim against attorney Turner, nor can any be liberally construed from the motion. Because this part of the movant's claim against attorney Turner is a naked allegation, it is conclusory. Conclusory claims do not provide the basis for *habeas* relief. *See Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001). Accordingly, the movant has failed to establish that attorney Turner's representation was deficient with respect to planning his defense.

The movant also does not assert that, but for attorney Turner's alleged failure to assist in his defense planning, he would not have pled guilty and would have insisted on going to trial. The movant takes that specific stance only in the context of his failure-to-investigate/failure-to-suppress claim. Although the court is required to construe *pro se* pleadings liberally, the less stringent standard for *pro se* plaintiffs does not compel the courts to conjure up unpled claims. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1990). Accordingly, the movant has failed to establish that he was prejudiced by attorney Turner's alleged failure to assist in planning his defense.

Assuming for the sake of argument that the court should construe the motion to assert that, but for attorney Turner's failure to assist in planning his defense he would have insisted on going to trial, the movant was, in fact, represented by two attorneys. In his motion, the movant clearly states that co-counsel Escobar provided defense planning assistance. The movant does not assert, nor can it be liberally construed from the motion, that attorney Escobar's defense planning assistance was deficient and/or that the movant was prejudiced because only one, and not both, of his attorneys participated in planning his defense. Consequently, the movant fails to establish that he was

7

prejudiced because of attorney Turner's alleged failure to assist in the defense planning for this reason as well.

For the reasons explained above, the movant has not satisfied either part of the two-part test under *Strickland* with respect to this part of his ineffective assistance claim against attorney Turner. Therefore, the court finds that this part of the movant's ineffective assistance claim is without merit.

### Certificate of Appealability

When the district court denies a ground for relief on the merits in a *habeas* action, a COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the standard being whether "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. The court finds that the movant has not made a substantial showing of a denial of a constitutional right with respect to the first part of his two-part ineffective assistance claim, and that reasonable jurists would not find the court's finding debatable or wrong. Therefore, a COA will not issue as to this claim.

### 2. Defense Counsels' Alleged Failure to Investigate/ Failure to Suppress

During a motion hearing on Tuesday, August 10, 2005, the court *sua sponte* raised the issue of the movant's statements to law enforcement officials, noting that a motion to suppress had not yet been filed. (Crim. Docket Entry No. 32, p. 11) Observing – in the movant's presence – that his statements were its "biggest concern," the court asked defense counsel whether the defense was going to file any motions *in limine*. (Crim. Docket Entry No. 32, pp. 11, 14) Attorney Escobar told the court that she "believe[d] so," and agreed to file any required motions the following Monday, August 15, 2005. (Crim. Docket Entry No. 32, pp. 14-15) A pretrial conference was then set for

8

3:30 p.m. on August 22, 2005. (Crim. Docket Entry No. 32, p. 15)

On August 12, 2005, just two days after the motion hearing referred to above, and just three days before defense counsel was to file any required motion(s) *in limine*, notice was filed that the movant had decided to plead guilty. (Crim. Docket Entry No. 25) The August 22 pretrial conference was rescheduled as a plea hearing. (Crim. Docket Entry No. 25)

The August 22 plea hearing proceeded without an actual plea agreement between the movant and the government, and the movant acknowledged that to be the case.[5] (Crim. Docket Entry No. 50, pp. 2-3, 10) At the hearing, the movant was placed under oath, advised that he could be prosecuted for perjury if he did not tell the truth, and he acknowledged that he understood. (Crim. Docket Entry No. 50, p. 3) The court then asked the movant if he had told his attorneys everything about the facts pertaining to the charges, if his attorneys had told him what the government would have to prove to be guilty of the charges, if his attorneys had discussed possible defenses with him, if his attorneys had done all the investigation that he had asked them to do, if he was satisfied with his attorneys' representation, and if he had been able to ask his attorney all the questions he might have. (Crim. Docket Entry No. 50, pp. 6-7, 10) Although the movant had the opportunity to challenge defense counsels' representation with respect to the admissibility of his statements, or any

---

[5] It cannot be determined from the record with certainty why the movant decided to plead guilty when he did. However, the transcript of the January 5, 2006 sentencing hearing suggests at least one reason. When afforded the opportunity to speak on his own behalf at the sentencing hearing, the movant was overcome with emotion. Unable to continue, attorney Escobar read the movant's prepared statement for him:

> No words can express my regret and sorrow for what I have done, for what I have caused my family and others. ***That is why early on I took responsibility for what I did.*** I was not aware how far out of control my life was. I did not think my gambling was a problem; but in hindsight, it was and I was unable to control it.

(Crim. Docket Entry No. 47, pp. 16-17)(emphasis added) It appears from his prepared statement that the movant decided to plead guilty "early on" out of genuine remorse, and a sincere desire to take responsibility for his actions.

9

Case 3:08-cv-00494 Document 8 Filed 07/14/08 Page 9 of 13 PageID #: 42

claim related thereto,[6] the movant testified repeatedly that he was satisfied with the manner in which defense counsel had represented him – even though the court had expressed concern in open court just twelve days earlier that his statements to law enforcement were the court's "biggest concern." (Crim. Docket Entry No. 50, pp. 6-7, 10)

The movant's failure-to-investigate/failure-to-suppress claim amounts to an attempt to recant his sworn testimony at the plea hearing that he was satisfied with defense counsels' investigation into the facts of his case and possible defenses that might be available in view of those facts. A convicted criminal's effort to recant his sworn testimony to obtain *habeas* relief is viewed with "utmost suspicion." *See United States v. Lewis*, 338 F.2d 137, 139 (6th Cir. 1964). Where the court has scrupulously followed the procedures in Rule 11, statements made by a criminal defendant in a plea hearing generally may not be repudiated by the defendant in subsequent claims that are in direct conflict with those earlier statements under oath. *See McAdoo v. Elo*, 365 F.3d 487, 496 (6th Cir. 2004)(citing *Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999)); *United States v. Lambey*, 974 F.2d 1389, 1395 (6th Cir. 1992); *cf. United States v. Hyde*, 520 U.S. 670, 676 (1997). Absent "extraordinary circumstances," a convicted criminal is bound by his sworn statements at the plea hearing. *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986).

The record shows that the court conducted a careful, proper, clear, and thorough plea colloquy in accordance with the procedures in Rule 11. Nor does the movant challenge the manner

---

[6] Officer Eddie Ferris, Assistant Special Agent in Charge of the Tennessee Highway Patrol Criminal Investigation Division, testified to the facts in the case, including the circumstances surrounding the statements at issue. (Crim. Docket Entry No. 50, pp. 11-16) At the conclusion of Officer Ferris's testimony, the movant was asked whether Officer Ferris had recounted the facts accurately, including those that pertained to his statements. The movant testified that he had. (Crim. Docket Entry No. 50, p. 16) Although he had the opportunity to do so, the movant once again did not challenge the admissibility of his statements or the circumstances under which those statements were given to law enforcement officials.

10

in which the court conducted the plea hearing. Neither does the movant allege any "extraordinary circumstances" in his case, nor can any be liberally construed from the motion. Absent a showing of "extraordinary circumstances," the movant is bound by his sworn testimony at the plea hearing that he was satisfied with defense counsels' investigation into the facts of his case – including the circumstances surrounding his statements to law enforcement officials, and possible defenses related thereto.

Relying on its recollections of the proceedings in the movant's criminal case, the court has no doubt that the movant was aware of the court's concern that a motion to suppress had not been filed, and that defense counsel was going to file any required motion(s) *in limine* the Monday following the date that notice was filed of his intent to plead guilty. It also is clear from the record that the movant's decision to file notice of his intent to plead guilty just two days after the court expressed its concern about the movant's statements, and just three days before the required motion(s) were to be filed, <u>preempted</u> any action that defense counsel might have taken regarding the statements at issue. For these reasons, the court finds that defense counsels' representation was not deficient with respect to the movant's failure-to-investigate/failure-to-suppress claim.

Turning next to the second part of the two-part *Strickland* test, to determine whether the movant was prejudiced by defense counsels' alleged actions, the court is required to review the merits of his underlying claim. *Maples v. Stegall*, 427 F.3d 1020, 1025 (6th Cir. 2005). To do this, the court looks to what other evidence would have been available at trial had the statements at issue been suppressed.

At the motion hearing on August 10, 2005, the government advised the court that multiple witnesses had identified the movant as the robber, that his fingerprints were found on some of the

bank vaults, and that items of apparel similar to that described by witnesses as worn by the robber were seized following a search of the movant's home. (Crim. Docket Entry No. 32, pp. 5-8) Additionally, Officer Farris testified at the August 22 plea hearing that numerous eyewitnesses to the crimes had identified the movant as the person who robbed the banks, and that $16,000.00 from the last robbery had been recovered from the movant's wrecked vehicle following a "pursuit with local law enforcement, which ended with [the movant] being arrested."[7] (Crim. Docket Entry No. 50, pp. 12-14) When asked whether Officer Farris accurately informed the court of the facts of the case, including other direct evidence that the movant had committed the crimes, the movant replied in the affirmative. (Crim. Docket Entry No. 50, p. 16)

It is apparent from the foregoing that there was a body of direct, credible evidence against the movant apart from his incriminating statements to law enforcement officials. Of course, the court cannot determine whether the evidence would have been sufficient for a jury to convict the movant, nor would any proceeding that the court might convene in connection with this *habeas* action. Whether the other evidence available to the prosecution would have been insufficient to convict the movant is a matter of pure speculation. Where "one is left with pure speculation on whether the outcome at trial . . . could have been any different," there is an insufficient showing of prejudice. *Baze v. Parker*, 371 F.3d 310, 322 (6th Cir. 2004), *cert. denied*, 544 U.S. 931 (2005). In other words, the movant cannot establish that he was prejudiced with respect to his failure-to-investigate/failure-to-suppress claim.

For the reasons explained above, the movant has failed to establish either part of the two-part

---

[7] At the sentencing hearing, the "pursuit with local law enforcement" was described as "a high speed chase at speeds up to 130 miles an hour . . . ." (Crim. Docket Entry No. 47, p. 8)

12

*Strickland* test with respect to this failure-to-investigate/failure-to-suppress claim. Consequently, this part of his ineffective assistance claim is without merit.

## Certificate of Appealability.

For the reasons previously explained, *supra* at p. 8, a COA will not issue with respect to this claim.

## III. CONCLUSION

The court has reviewed the files, records, transcripts, and correspondence underlying the movant's criminal convictions, as well as the pleadings in the instant action. For reasons explained herein, the court finds it unnecessary to hold an evidentiary hearing, because these records, and the court's own recollections, establish conclusively that the movant is not entitled to relief on the grounds raised. Rule 8(a), Rules – Section 2255 Proceedings. Accordingly, the movant's motion will be denied, this action will be dismissed, and a COA will not issue as to any of his claims.

An appropriate Order will be entered.

Aleta A. Trauger
United States District Judge

13

Case 3:08-cv-00494    Document 8    Filed 07/14/08    Page 13 of 13 PageID #: 46